**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DEIBEL LABORATORIES OF ILLINOIS, INC., | ) | |
| a Delaware corporation, and | ) | |
| DEIBEL LABORATORIES OF FLORIDA, INC., | ) | |
| a Florida corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:21-cv-04315 |
| v. | ) | |
| | ) | |
| | ) | |
| 8TH AVENUE FOOD & PROVISIONS, INC., | ) | |
| a Missouri corporation d/b/a | ) | |
| GOLDEN BOY FOODS, LTD., | ) | |
| . | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Deibel Laboratories of Illinois, Inc., a Delaware corporation, and Deibel Laboratories of Florida, Inc., a Florida corporation (collectively "Deibel"), by undersigned counsel, and for their Complaint for Declaratory and Injunctive Relief against 8th Avenue Food & Provisions, Inc., a Missouri corporation d/b/a Golden Boy Foods, Ltd., ("Golden Boy"). In support of their Complaint, Deibel states as follows:

## INTRODUCTION

1.      Deibel seeks to enjoin Golden Boy from proceeding with a recently instituted American Arbitration Association ("AAA") arbitration, Case No. No. 01-21-0004-3023 (the "AAA Arbitration") as there is not an arbitration agreement between Deibel and Golden Boy.

2.      Deibel will be irreparably harmed if the AAA Arbitration continues as Deibel never agreed to be bound by Golden Boy's terms and conditions and never agreed to arbitrate any disputes with Golden Boy. Instead, Deibel submitted its invoices to Golden Boy which referenced

and incorporated Deibel's terms and conditions. Application of Deibel's terms and conditions limits Deibel's liability, if any, to Golden Boy.

3.      At no time did Golden Boy object to Deibel's terms and conditions and none of the documents Golden Boy submitted to Deibel referenced Golden Boy's terms and conditions.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Deibel's claim for Declaratory and Injunctive Relief pursuant to 28 U.S.C. §§ 1332 as Deibel is completely diverse from Golden Boy. The amount at dispute between the parties is in excess of $75,000 exclusive of interest and costs.

5.      This Court has personal jurisdiction over Golden Boy because: (1) Golden Boy regularly does business within the state of Illinois and in this judicial district, by among other things, previously operating a facility in Streator, Illinois and distributing and selling its products, including nut butters such as Peter Pan® peanut butter, pasta, granola, and food and nuts; (2) agreed to litigate any dispute it had with Deibel in the state or federal courts located in Cook County, Illinois; and (3) transacted business in the state of Illinois within the meaning of the Illinois Long-Arm Statute (735 ILCS 5/2-209(a)(1) by submitting its orders for testing services to Deibel in Illinois, among other states..

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) and (d) because (1): Golden Boy's contacts with this District would subject it to personal jurisdiction if this District were a separate state; and (2), Golden Boy agreed to litigate any dispute it had with Deibel in the state or federal courts located in Cook County, Illinois; (3) Golden Boy's recently instituted AAA arbitration is administered through AAA's Chicago, Illinois and Dallas, Texas offices.

## The Deibel Entities

7.      Plaintiff Deibel Laboratories of Illinois, Inc., d/b/a Deibel Laboratories, is a

Delaware corporation with its principal place of business in Lincolnwood, Illinois.

8.     Plaintiff Deibel Laboratories of Florida, Inc., d/b/a Deibel Laboratories, is a Florida corporation with its principal place of business in Sarasota, Florida.

9.     Deibel provides outside testing services for companies in the food, diagnostics, and personal care industries. Deibel-related corporations operate 14 laboratories throughout North America, including in Illinois and Florida.

### Golden Boy

10.     Defendant Golden Boy is a Missouri corporation with its principal place of business in Brentwood, Missouri and during the relevant period had a manufacturing facility in Streator, Illinois. Golden Boy is a private, consumer products holding company that manufactures and sells private brand food products primarily to retail, food service, and ingredient customers.

11.     Defendant Golden Boy manufacturers and sells such products as nut butters, including Peter Pan® peanut butter, pasta, granola, and food and nuts in this judicial district and throughout the United States.

### FACTUAL ALLEGATIONS

### The Deibel and Golden Boy Relationship Starts on August 1, 2019

10.     On August 1, 2019, Sandra Cistrone, Director of Food Safety, Quality and Technical Services for Golden Boy emailed James K. Moulds, Senior Director of Technical Sales for Deibel. Mr. Moulds worked in Deibel's Lincolnwood, Illinois office.

11.     On August 6, 2019, from Illinois Mr. Moulds emailed Ms. Cistrone after investigating whether Deibel had the resources to provide the services requested and ultimately provided a proposal for the testing to be performed.

12.     Ultimately, Golden Boy accepted Deibel's proposal and Deibel began testing on

behalf of Golden Boy.

13.     For each separate order, Golden Boy would be required to complete a Service Request Analysis Form ("SARF"), which would include the samples provided by Golden Boy as well as the testing requested.

14.     Deibel would then use a third-party courier to pick up the samples from Golden Boy's facilities and deliver the samples to Deibel's laboratories to conduct the testing.

**Deibel's Testing Reports Incorporates Deibel's Terms and Conditions**

15.     For each order requested by Golden Boy, Deibel electronically submits a Report of Results ("Testing Report") to Golden Boy. The Testing Report expressly incorporates Deibel's terms and conditions and states that "the terms and conditions can be found at www.deibellabs.com /termsandconditions."

16.     Since the beginning of the relationship between Deibel and Golden Boy, Deibel's terms and conditions have not changed and have always been available at deibellabs.com/ termsandconditions (last visited August 9, 2021). A true and correct copy of Deibel's terms and conditions is attached as **Exhibit 1**.

**Terms in Terms and Conditions**

17.     Deibel's terms and conditions are also available as a link on the bottom of Deibel's home page of its website, www.deibellabs.com (last visited August 9, 2021).

18.     Of importance to this case, the terms and conditions include the following:

These terms and conditions (the "Terms") between Deibel Laboratories of Illinois, Inc., including all corporations, limited liability companies, partnerships, and other business entities utilizing the name "Deibel," "Deibel Labs," or "Deibel Laboratories" ("Deibel") and the customer (the "Customer" or "the Client") requesting certain Services (as defined below), shall govern the relationship between Deibel and Customer, and the terms on which the Services are provided to Customer. (Ex. 1, Scope, ¶ 1)

Customer agrees that when Customer signs or submits a Service Order, Sample Analysis Request Form or otherwise indicates Customer's acceptance, as the context requires, an agreement will be formed between Customer and Deibel for the provision of the Services which will be governed exclusively by these Terms. (Ex. 1, Scope, ¶ 2)

Deibel disclaims and assumes no responsibility, and Customer hereby waives and releases Deibel, its past and present employees, agents and representatives from all actions, proceedings, suits, causes of action, arbitration, verdicts and judgments either at law or in equity or arising under a statute, demands, claims of any nature, costs and expenses or otherwise resulting from interpretation and use of such Results or Service Reports or Customer's use or non-use of any Application Platform and any data or information in connection therewith. Customer understands and agrees that in the event of a discrepancy between information set forth in a Software Application and a hard copy Service Report, such Service Report will control. (Ex. 1, Customer Responsibilities, ¶ 4)

Customer acknowledges and agrees that implementing a withdrawal or recall of products based on the Results, including interim or preliminary Results, is Customer's sole responsibility and at Customer's sole risk. (Ex. 1, Customer Responsibilities, ¶ 5).

**DEIBEL'S WARRANTIES, OBLIGATIONS AND LIABILITIES HEREUNDER ARE EXCLUSIVE AND DEIBEL'S LIABILITY TO CUSTOMER FOR BREACH OF ANY TERM OF THIS AGREEMENT OF ANY IMPLIED WARRANTIES, OR FOR ANY NEGLIGENCE OR OTHER WRONGDOING IN THE PERFORMANCE OF TESTING SERVICES, IS LIMITED, AT DEIBEL'S OPTION, TO EITHER RE-PERFORMING THE TESTING SERVICE OR REFUNDING THE TOTAL FEE PAID IN RESPECT OF THAT PART OF THE TESTING SERVICE.** (Ex. 1, Deibel's Responsibilities and Limitations of Liability, ¶ 5).

**DEIBEL WILL UNDER NO CIRCUMSTANCES BE LIABLE TO CUSTOMER FOR ANY INDIRECT OR CONSEQUENTIAL DAMAGE SUFFERED BY CUSTOMER IN ANY WAY ARISING FROM THE TESTING OR OTHER SERVICES OR CUSTOMER'S USE OF THE TEST RESULTS OR SERVICES.** (Ex. 1, Deibel's Responsibilities and Limitations of Liability, ¶ 6).

These Terms and any Service Orders represent the entire agreement between Customer and Deibel and supersede all negotiations, representations or agreements, written or oral. In the event of any inconsistency, these Terms will prevail over the Service Order, unless otherwise stated on the Service Order, and over any terms and conditions included in Customer's purchase order or any other document unless expressly accepted by Deibel in writing. (Ex. 1, General Conditions, ¶ 4).

The validity, interpretation and performance of these Terms and any Services

Orders shall be governed by the laws (but not the conflict of law rules) of the State of Illinois (USA). (Ex. 1, General Conditions, ¶ 6).

Customer consents to the exclusive jurisdiction and venue of the state or federal courts in Chicago, Cook County, Illinois. (Ex. 1, General Conditions, ¶ 7).

**Deibel's Terms and Conditions are also Incorporated in Deibel's Invoices**

19.     For each of the services Deibel completes for Golden Boy, Deibel issues an invoice. At the bottom of each invoice, Deibel clearly and conspicuously indicates that:

**In testing with Deibel Labs, client accepts terms and conditions which can be located at deibellabs.com/termsandconditions**

20.     All of the Deibel invoices also incorporated Deibel's terms and conditions (the "Deibel Terms and Conditions"), including the invoice issued for the testing subject to the AAA Arbitration as described in more detail below.

21.     From in or around June 2019 through in or around November 2020 Deibel submitted at least five invoices containing the Deibel Terms and Conditions to Golden Boy—each of which Golden Boy paid. For each of the invoices submitted by Deibel through November 2020, Golden Boy paid the invoice without objection.

22.     The parties also engaged in a course of performance by Deibel submitting testing results and Golden Boy paying the invoices for the testing, which clearly identified Deibel's terms and conditions. By doing so, Golden Boy accepted Deibel's terms and conditions without objection.

**Dispute Arises Between Golden Boy and Deibel**

23.     In October 2020, Golden Boy submitted further orders to Deibel requesting that Deibel conduct testing for Golden Boy's Troy, Alabama and Fitzgerald, Georgia plants. Golden Boy submitted SARFs for the orders. Deibel completed the testing as required and complied with

all applicable terms.

24.     The invoice issued for Deibel's work associated with the Troy, Alabama and Fitzgerald, Georgia facilities was issued by Deibel Laboratories of Florida, Inc.

## Commencement of AAA Arbitration

25.     On June 15, 2021, Golden Boy initiated the AAA Arbitration against Deibel Laboratories, Inc. A copy of the Arbitration Demand is filed as **Exhibit 2**.

26.     As part of the AAA Arbitration, Golden Boy brought claims for Breach of Contract and Negligence seeking in excess of $1.5 million against Deibel. Golden Boy alleges that Deibel committed errors in Deibel's testing of Golden Boy's nut butter products resulting in lost sales of products and costs associated with shutting down and sanitizing Golden Boy's food processing facilities.

27.     Golden Boy alleges that the parties agreed to Golden Boy's terms and conditions, but failed to cite to any document, invoice, communication, or other agreement reflecting that Deibel agreed to Golden Boy's terms and conditions. As alleged, Golden Boy's terms and conditions provide that:

> [t]his Contract shall be deemed to have been placed and accepted in and shall be construed in accordance with the laws of the State of Missouri, without reference to any conflict of laws rules that would render the laws of another jurisdiction applicable. Any controversy or claim arising out of this Contract, including the breach, termination or validity thereof, shall be finally resolved by arbitration in accordance with the American Arbitration Association Rules and Mediation Procedures (including Procedures for Large, Complex Commercial disputes) then currently in effect, by three arbitrators. Unless the parties agree otherwise, each party shall select an arbitrator, and those two arbitrators shall select a third arbitrator. The arbitration shall be governed by the Federal Arbitration Act, and judgment upon the award rendered by the arbitrators may be entered by any court having jurisdiction thereof. The place of arbitration shall be St. Louis, Missouri.

Terms and Conditions attached to Exhibit 2, ¶ 20.

28.     On June 30, 2021, Deibel emailed the AAA's Director of ADR Services located in

Chicago, Illinois and objected to the AAA's jurisdiction over the AAA Arbitration (the "Objection") because Deibel never agreed to arbitrate any dispute with Golden Boy. A copy of the June 30, 2021 letter is attached as **Exhibit 3**.

29.     On July 1, 2021, Golden Boy responded to Deibel's Objection and argued that Golden Boy's terms and conditions were included on its website (www.goldenboyfoods.com /terms-and-conditions). A copy of the July 1, 2021 letter is attached as **Exhibit 4**. However, Golden Boy failed to provide any evidence that Deibel agreed to the terms and conditions or were even aware of Golden Boy's terms and conditions.

30.     Golden Boy also claims that the issue of arbitrability should be decided by the AAA arbitrators and not by a court.

31.     On July 1, 2021, the AAA administratively determined that Golden Boy met the minimum filing requirements stated in AAA Rule 4 and advised that the AAA's appointed arbitrators determine the arbitrability of the dispute.

32.     On July 1, 2021, Golden Boy participated in a telephone conference with the AAA. Deibel did not participate in the telephone conference due to the lack of an agreement to arbitrate the dispute.

33.     On July 1, 2021, the AAA set July 16, 2021 as the deadline to designate the arbitrators as Golden Boy's inapplicable terms and conditions require the appointment of three arbitrators with each side choosing one arbitrator and the two arbitrators choosing a chairperson.

34.     The determination of whether parties agreed to arbitrate a dispute should be determined as a threshold matter by a court having jurisdiction over the dispute and not by an arbitration panel or AAA.

## COUNT I
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

35.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

36.     The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides that: "[i]n a case of actual controversy within its jurisdiction," a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

37.     There is an actual controversy between the parties in this case and a declaration of the rights of the parties would terminate the controversy or some part thereof.

38.     Deibel and Golden Boy have adverse interests in application of Golden Boy's terms and conditions and whether an agreement to arbitrate exists between the parties.

39.     Golden Boy named Deibel Laboratories, Inc., a Wisconsin corporation created in 1967, as a Respondent in the AAA Arbitration. But Deibel Laboratories, Inc. had no involvement in the applicable testing or was otherwise involved in the facts at issue in the AAA Arbitration.

40.     In the AAA Arbitration demand, Golden Boy refers to Deibel Laboratories, Inc., as a Delaware corporation. However, Deibel Laboratories of Illinois, Inc. is the only Deibel-related entity that is a Delaware corporation. As such, Deibel Laboratories of Illinois, Inc. is named as a Plaintiff to this suit.

41.     Both Deibel Laboratories of Illinois, Inc. and Deibel Laboratories of Florida, Inc. will be affected by the AAA Arbitration as both parties were either involved in the testing services subject to the AAA Arbitration or the entity that Golden Boy named in the Arbitration.

42.     No Deibel entity ever agreed to arbitrate any dispute with Golden Boy, including the subject matter of the AAA Arbitration. Deibel does not agree to arbitrate the AAA Arbitration.

43.     Deibel is entitled to a declaration that (i) no arbitration agreement exists between

Golden Boy and Deibel, (ii) that Deibel has no obligation to participate in the AAA Arbitration, (iii) Deibel will not be bound by any determinations, findings, conclusions or awards made in or rendered as a result of the AAA Arbitration, and (iv) that Deibel's terms and conditions govern Golden Boy's claims.

44.    Golden Boy should also be enjoined from prosecuting any claims against Deibel or otherwise maintaining or continuing the AAA Arbitration against Deibel.

45.    Deibel has no adequate remedy at law because, among other things, arbitration of Golden Boy's claims (i) will force Deibel to submit to arbitration claims which it never agreed to arbitrate, and (ii) threatens to prejudice Deibel's legal rights in the AAA Arbitration goes forward.

46.    Unless enjoined by the Court, Golden Boy's assertion of claims against Deibel will cause Deibel to suffer irreparable harm by, among other things, depriving Deibel of their right to a judicial determination on the merits, if any, of Golden Boy's claims and the application of Deibel's terms and conditions.

WHEREFORE, Plaintiffs, Deibel Laboratories of Illinois, Inc., a Delaware corporation, and Deibel Laboratories of Florida, Inc., a Florida corporation, respectfully request judgment in their favor and against Defendant 8th Avenue Food & Provisions, Inc., a Missouri corporation d/b/a Golden Boy Foods, Ltd. and request the following relief:

1.    Enter judgment in favor of Deibel and against Golden Boy;

2.    Declaring that there is no agreement to arbitrate between Deibel and Golden Boy;

3.    Declaring that Deibel has no obligation to participate in American Arbitration Association Case No. 01-21-0004-3023;

4.    Enter a declaratory judgment in favor of Deibel and against Golden Boy;

5.     Temporarily, preliminarily, and permanently enjoin Golden Boy from continuing

to prosecute American Arbitration Association Case No. 01-21-0004-3023 due to a lack of an

arbitration agreement between Deibel and Golden Boy;

6.      Finding that Deibel's terms and conditions govern Golden Boy's claims; and

7.      Grant Deibel their costs and such other and further relief as the Court deems just

and proper under the circumstances.

Dated:  August 13, 2021

                                              Respectfully submitted,

                                              DEIBEL LABORATORIES OF ILLINOIS INC., a
Delaware corporation, and DEIBEL
LABORATORIES OF FLORIDA, INC., a Florida
corporation, Plaintiffs,

                                              By:      */s/* Timothy R. Herman
                                                        One of their Attorneys

Richard M. Chapman (ARDC No. 6270091)
Timothy R. Herman (ARDC No. 6301721)
CLARK HILL PLC
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
T: (312) 985-5900
F: (312) 985-5979
rchapman@clarkhill.com
therman@clarkhill.com

11